FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2016 OCT 19 PM 12: 35

Jacksonville  Division

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

**CIVIL RIGHTS COMPLAINT FORM**

Jae'Quann Marquis Harvard #L66795

CASE NUMBER: 3:16-CV-1322-J-25 PDB
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

Christopher P. Landrum

Jeffrey Kagans

C. Hayes

LEGAL MAIL
PROVIDED TO JH
FLORIDA STATE PRISON
DATE 10-17-16 FOR MAILING.
INMATES INITIALS [signed]

(Enter full name of each Defendant.
If additional space is required, use the blank area directly to the right).

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I. PLACE OF PRESENT CONFINEMENT: Florida State Prison Main Unit
(Indicate the name and location)

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES: Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

III. PREVIOUS LAWSUITS:

DC 225 (Rev 2/2012)

1

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B. Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

   Plaintiff(s): La'Quinn Marquis Harvard #L066795

   Defendant(s): John Beaudry

2. Court (if federal court, name the district; if state court, name the county):
   U.S. District Court / Pensacola Division / Northern District of Florida

3. Docket Number: 3:12-CV-589-LAC/CJK

4. Name of judge: Charles J. Kahn, Jr.

5. Briefly describe the facts and basis of the lawsuit: The Plaintiff 8th Amendment rights to the U.S. Constitution was violated as defendant Beaudry fractured the Plaintiff when he had order nor no legitimate reason to use force on the Plaintiff

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
   Defendant's Motion for Summary Judgement was GRANTED.

7. Approximate filing date: 11/28/2012

8. Approximate disposition date: 9/24/2014

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

identify these suits below by providing the case number, the style, and the disposition of each case: 

"NOT APPLICABLE"

IV. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Jae'Quann Marquis Harvard - #L66795

Mailing address: Florida State Prison - Main Unit
P.O. Box 800, Raiford, Florida 32083

B. Additional Plaintiffs: 

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Christopher P. Landrum

Mailing Address: Suwannee Correctional Institution
5964 U.S. Highway 90, Live Oak, Florida 32026

Position: Warden

Employed at: Suwannee Correctional Institution

D. Defendant: Jefferey Ragans

Mailing Address: Suwannee Correctional Institution
5964 U.S. Highway 90, Live Oak, Florida 32026

DC 225 (Rev 2/2012)

3

Position: Sergeant

Employed at: Suwannee Correctional Institutional

E.  Defendant: C. Hayes

Mailing Address: Suwannee Correctional Institutional
5964 U.S. Highway 90, Live Oak, Florida 32060

Position: Officer

Employed at: Suwannee Correctional Institutional

F.  Defendant: _____

Mailing Address: _____

Position: _____

Employed at: _____

G.  Defendant: _____

Mailing Address: _____

Position: _____

Employed at: _____

V. STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

1.) Plaintiff Constitutional right under the 8th Amendment to the U.S. Constitution was violated as he was physically brutalized sadistically and maliciously. In which such force was not applied in a effort to maintain or restore discipline, but was used sadistically and maliciously to cause harm. Where a Prison Official(s) is responsible for unnecessary and wanton infliction of Pain, the 8th Amendment has been violated.

2.) Plaintiff constitutional right under the 14th Amendment (Please See attached additional facts →)

VI. STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

Defendant Christopher P. Landrum is the Warden of Suwannee Correctional Institution - Main Unit and annex. He is legally responsible for the operation of Suwannee Correctional Institution - Main Unit and annex, also for the welfare of all of the inmates at that institution.

Defendant Jeffrey Rogans is a correctional officer of the Florida Department Of Corrections ("FDOC"), who at all times mentioned in this complaint, held the rank of Sergeant and was assigned to Suwannee Correctional Institution - Main Unit.

Defendant C. Hayes is a correctional officer of the Florida Department Of Corrections ("FDOC"), who at all times mentioned in this complaint, held the rank of Correctional Officer and was assigned to

Suwannee Correctional Institution- Main Unit.

Each defendant is sued individually and in their official capacities. At all times mentioned in this complaint, each defendant acted under color of state law.

At all times relevant to the facts below, Plaintiff was housed in Echo dormitory ("E. Dorm") at Suwannee Correctional Institution - Main Unit (unless otherwise stated) where defendant Jeffrey Ragans and defendant O. Hayes was assigned posts in the capacity of security staff, as Defendant Christopher P. Landrum held the rank and position of Warden at Suwannee Correctional Institution - Main Unit and Annex.

1.) Prior to Sunday, November 23rd, 2014 the Plaintiff made numerous complaints to Defendant Christopher P. Landrum through the institutional Grievance Process, advising him of the many threats of his employees threatening to cause the Plaintiff physical harm. However, these complaints resulted in staff, including Defendant Ragans and Defendant Hayes, being begrudged against the Plaintiff and Defendant Landrum turned a blind eye to the Plaintiff complaints resulting in malicious and sadistic physical brutality.

2.) On Sunday, November 23rd, 2014, at approximately 11:00 am the Plaintiff was sprayed with chemical agents. The Plaintiff was escorted to Echo dormitory triage room after his cold water decontamination shower for his Post Use Of Force examination. The Plaintiff advised the examining nurse that he had a "mental health emergency". The Plaintiff exited the medical triage room and stated on the Post Use Of Force video camcorder that he had a "mental health emergency." The Plaintiff exited the medical triage room and stated on the Post. Use Of. Force Video camcorder that he had a "mental health emergency." The Plaintiff was then escorted by Defendant Ragans and Defendant Hayes to a Self Harm Observational Status ("SHOS") cell temporarily and the use of force video was concluded by Lt. Kelly (Please See: Attached Continuation Page).

VII. **RELIEF REQUESTED**: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

(1.) A declaration that the acts and omissions described herein violated Plaintiff's rights under the

Continuation of **STATEMENT OF CLAIM** (Section V.):

to the U.S. Constitution was violated as he was denied the equal protection of the laws when he was physically brutalized, which in turn deprived the Plaintiff of his priveleges and immunities of his citizenship to the U.S.

Continuation of **STATEMENT OF FACTS** (Section VI.):

whom exited Quad 3 of Echo dormitory.

(3.) On the same date (Sunday, November 23rd, 2014) at approximately 11:20am, Defendant Ragans and Defendant Hayes opened the cell door ab initio both Defendant Ragans and Defendant Hayes had already planned to physically brutalize the Plaintiff. While being escorted out of Quad 3 of Echo Dormitory, Defendant Hayes punched the Plaintiff's left arm as Defendant Ragans assisted in dropping the Plaintiff to the concrete floor. Defendant Ragans and Defendant Hayes then drug the Plaintiff out to Echo Dormitory Vestibule where there aren't any cameras.

(4.) Once in Echo Dormitory Vestibule, Defendant Ragans and Defendant Hayes continuously drug the Plaintiff before Defendant Ragans grabbed the Plaintiff by his neck, shoved him with great force into the Plexi-Glass of Quad 3 of Echo Dormitory group room and stated: "I don't feel like working today and you pulled this shit." Defendant Ragans beginned to lift his leg up and bent it. He then beginned to bring his knee up and continuously hit the Plaintiff in the left side of his face maliciously and sadistically. The Plaintiff was completely restrained in handcuffs ("wrist restraints"), black security handcuff cover ("black box") with waist chain and shackles ("leg restraints").

(5.) Defendant Hayes pinned the Plaintiff to the Plexi-Glass with his arm completely around the Plaintiff's neck and stated directly to Defendant Ragans: "Hit 'em harder Saree!" Defendant Ragans beginned to hit the Plaintiff with more force with the sole intent to causing the Plaintiff serious harm.

(6.) Defendant Ragans and Defendant Hayes then slammed the Plaintiff on the concrete floor of Echo Dormitory Vestibule, where Defendant Ragans and Defendant Hayes punched and kicked the Plaintiff in the left side of his head and lower body as the Plaintiff cried out in pain. To no avail, did Defendant Ragans and Defendant Hayes cease their physical abuse on the Plaintiff. Defendant Ragans and Defendant Hayes physically brutalized the Plaintiff to the point of knocking him to a condition being unaware of his surroundings (as in sleep), OR of being UNRESPONSIVE to stimulation. This unnatural state of unconsciousness was clearly caused by the factor that both Defendant Ragans and Defendant Hayes continuously punched and kicked the Plaintiff in the left side of his head reducing brain activity, such as the head injury the Plaintiff sustained from Defendant Ragans and Defendant Hayes physically brutalizing the Plaintiff.

(7.) PLEASE NOTE and allow the records to reflect that there wasn't any fixed wing cameras in Echo Dormitory Vestibule at the time of the events described in paragraphs 1-6.

· FIRST CONTINUATION OF PAGE #6 ·

Continuation of STATEMENT OF FACTS (Section VI.):

8.) The Plaintiff gained awareness of his surroundings (as in woke), and became RESPONSIVE to stimulation when he was in Hotel (Dormitory) and inquired to Officer Smith how did he (the Plaintiff) get there?. Officer Smith responded by stating; "You walked over here because you need to see the doctor. I can tell that You was out of it." The Plaintiff head was wrapped with a temporary wrap and sterile gauze. The Plaintiff waited approximately (4) hours for Dr. D. Vilchez to arrive. Officer Smith observed the Plaintiff the entire wait.

9.) The Plaintiff then was escorted by Officer Smith and Officer Nickerson to the emergency room in the medical building where Dr. D. Vilchez with the assistance of LPN Crider assessed the Plaintiff Physical injuries. A local anesthetic was administered before the sewing of approximately (8) surgical sutures in the Plaintiff left eyebrow and approximately (4) Surgical sutures to the left side of the Plaintiff forehead. LPN Crider then applied bacitracin antibiotic ointment over the surgically sewed sutures and wrapped the Plaintiff head with protective sterile gauze.

10.) Officer Smith and Officer Nickerson escorted the Plaintiff back to Hotel (Dormitory) (Cell # H31023) where the Plaintiff was placed on "Self Harm Observation Status" ("SHOS") against his will. Officer Nickerson stated directly to the Plaintiff; "You Know we gotta hide You to heal up a little." The sink water didn't work nor did the toilet flush. NO PHOTOS was taken of the Plaintiff's injuries.

11.) At approximately 7:10pm, Defendant Ragans came to Hotel (Dormitory) (Cell #: H31023), where the Plaintiff was housed alone. Defendant Ragans stated directly to the Plaintiff; "I came down here personally to see how me and Hayes (referring to Defendant Hayes) handi-work turned out." "I hope that You wasn't mad at me Harvard (referring to the Plaintiff). It's nothing personal, Just business." Defendant Ragans then placed a face sheet and heightened security memorandum on the cell door and departed.

12.) Following this physical brutality employed by both Defendant Ragans and Defendant Hayes sadistically and maliciously, which caused the Plaintiff serious harm, RN Myers initially assessed and treated the Plaintiff's Physical injuries. She deemed the Plaintiff injuries severe enough to require the Plaintiff to receive further medical treatment where a medical doctor had to be contacted and called in to treat the Plaintiff Physical injuries that was sustained from Defendant Ragans and Defendant Hayes Physical brutalization on him (the Plaintiff).

13.) The Plaintiff injuries consist of: Deep lacerations and permanent scarring on the Plaintiff left eyebrow and the left side of his forehead. Requiring the surgical sutures, by Dr. D. Vilchez. A neurovascular disorder, in which instability within the Plaintiff brainstem is now triggered by light and now leads to a throbbing headache that characteristically now affects the left side of the Plaintiff's head. Whenever the Plaintiff lays down and sits up, the cell begins to spin for approximately (11) seconds. His left eye was swollen shut and drained (yellow) substance. The Plaintiff left jaw was bruised, as well as his lower body on the left side was bruised. Spontaneous migraine headaches, confusion, and periodic amnesia. The Plaintiff still is experiencing debilitating physical pain and suffering after Defendant Ragans

. SECOND Continuation of FACTS - Co.

Continuation of STATEMENT OF FACTS (Section V.):

and, Defendant Hayes malicious and sadistic physical brutality causing the Plaintiff serious harm.

14.) The Plaintiff have also incurred mental and emotional Pain where he have became extremely embraced in systemized delusions of further persecution and abuse in the future by Defendant Kasans and Defendant Hayes, as well as Defendant Landrum being the instructor. They are Assistant, defended extremely by the Plaintiff and incapacitating. Since Defendant Kasans and Defendant Hayes Physical brutality, the Plaintiff Periodically wakes up sweating and shaking in a strong emotional reaction involving subjective feelings of unpleasantness, agitation and the desire to flee and hide from Defendants Landrum, Kasans and Hayes. As accompanied by widespread sympathetic activity. All occurring after Defendant Kasans and Defendant Hayes Physical brutality and Defendant Landrum turning a blind eye to the Plaintiff numerous forewarnings.

15.) The Plaintiff was Prescribed antibiotics and was infected in his buttocks with the antibiotics on the same day in which Defendant Kasans and Defendant Hayes physically brutalized the Plaintiff.

16.) On Wednesday, November 26th, 2014 at approximately 7:40am, Defendant Hayes stopped at the Plaintiff cell (Cell# E310-1-1' where he was housed alone) and stated directly to the Plaintiff; "Oh, You Good off of STAP ("Self-Harm Observation Status") We'll see We Eat You Good. We wasn't neither of our intent to knock You out. I did do a Gentleman and woke You up before we cut the camera on. You was Talking ShiT and didn't even Know where You were." Defendant Hayes beginned to laugh and jokingly inquired; "Do You need a Tylenol?" before he departed.

17.) On Wednesday, November 26th, 2014 at approximately 8:30am, Defendant Kattians, Defendant Hayes and Officer Tice came in to Quad 3 of Echo Dormitory and came directly to the Plaintiff cell front (Cell# E310-7-1' where he was housed alone) where Defendant Kasans stated directly to the Plaintiff; "Me and Hayes (Referring to Defendant Hayes) brung Tice to look at our easy work. So what do You think Tice?" Officer Tice then rebuked by stating; "Not bad at all. I wish that we could have Cashed in on the fun." Defendant Kasans and Defendant Hayes beginned to laugh as the three departed out of Quad 3 of Echo Dormitory.

18.) The Plaintiff has submitted numerous "EMERGENCY" sick call requests to medical due to the continuous migraine headaches, excruciating Pain on the left side of his head, Pain on the left side of his lower body, the cell spinning for approximately (10) seconds when he sits up and lay down, confusion and periodic amnesia.

19.) The Plaintiff has submitted numerous "URGENT" sick call requests and inmate requests to mental health advising of the extreme Paranoia since Defendant Kasans and Defendant Hayes malicious and sadistic Physical brutality. The Plaintiff also advised on said sick calls and inmate request forms to mental health that he has started waking up sweating and shaking periodically.

20.) On December 3rd, 2014 the Plaintiff submitted a "EMERGENCY"/ SENSITIVE NATURE grievance to Defendant Landrum

• THIRD Continuation of Pas. #6 •

Continuation of **STATEMENT OF FACTS** (Section VI.);

concerning Defendant Hasans and Defendant Hayes physical brutality. Such Grievance was assigned Grievance Log #: 1412-230-040.

21.) On December 8th, 2014, a response was rendered to the plaintiff Grievance and was **APPROVED** based on the typed/written response, which stated verbatim: "Your allegations have been documented, reviewed and forwarded to the appropriate OIC's and the office of the Inspector General. You may consider your Grievance approved from that view point, however, this does not substantiate your allegations. This may or may not result in a personal interview with you. Therefore, based on the foregoing information information. Your Grievance is <u>approved</u>." Thus, Plaintiff exhausted his administrative remedies concerning this cause at hand, as required by the PLRA.

22.) On December 10th, 2014, the plaintiff was interviewed by inspector Manning from the Office of the Inspector General as a result of a email recieved from the plaintiff Spiritual advisor.

23.) On December 11th, 2014, the plaintiff submitted a inmate request and Request for Administrative remedy to Defendant Landrum requesting that fixed wing cameras and handheld Post Use-Of-Force Video be withheld for Penological interests.

24.) Defendant Christopher P. Landrum turned blind eyes to the plaintiff's many Grievances forewarning him of the many threats made to the Plaintiff by correctional staff members to physically abuse the Plaintiff for numerous reasons. Bogus responses was rendered, but not thoroughly investigated and for the most part, not investigated at all. Therefore, establishing deliberate indifference <u>KNOWINGLY</u> and <u>INTENTIONALLY</u> Placing the Plaintiff in harms way, instead of Supervising the Government, discipline and policies of the state correctional institutions and enforcing all orders, rules and regulations.

25.) Defendant Hasans and Defendant Hayes breeched their duties, and responsibilities for the supervision of Close Management ("CM") inmates and ensuring that inmates are safe. The negligent and wrongful acts rendered by Defendant Landrum, Defendant Hasans and Defendant Hayes was **NOT** within the scope of their employment with the Florida Department of Corrections ("FDOC").

26.) Upon information and belief, Defendant Christopher P. Landrum has ordered and conspired on his correctional staff members physically brutalizing inmates maliciously and sadistically. Defendant Hasans and Defendant Hayes has been and is known to write inmates false disciplinary reports, deprive inmates of their personal property and comfort items. Administering chemical agents on compliant inmates with mental health issues and physically brutalizing inmates for recreation and/OR as a form of retrival.

27.) The Plaintiff has no plain., adequate OR complete remedy at law to redress the wrongs described herein.

• <u>Fourth Continuation of Mem. * Co.</u> •

Constitution and laws of the U.S..

2.) Compensatory damages in the amount of $15,000 against each Defendant, Jointly and Severally.

3.) Punitive damages in the amount of $10,000 against each Defendant, Jointly and Severally.

4.) Mental and emotional damages in the amount of $10,000 against each Defendant, Jointly and Severally.

5.) A Jury trial on all issues triable by Jury.

6.) Plaintiff's costs in this suit.

7.) Any additional relief that this court deems Just, Proper and equitable.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this 17th day of October, 2016.

*[signature]*
FSP- P.O. Box 800, Raiford, Fla. 32083

(Signatures of all Plaintiffs)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the 17th day of October, 2016.

DC 225 (Rev 2/2012)                                                7